IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TAMMY LYNN L., | * |
| Plaintiff, | * |
| vs. | * Civil Action No. ADC-23-1618 |
| MARTIN O'MALLEY, Commissioner, Social Security Administration | * |
| Defendant. | * |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OPINION

On June 15, 2023, Tammy Lynn L. ("Plaintiff" or "Claimant") petitioned this Court to review the Social Security Administration's ("SSA" or "Defendant") final decision to deny her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). ECF No. 1. After considering the record in the case, (ECF No. 7) and the parties' briefs, (ECF Nos. 8, 12, 13) the Court finds that no hearing is necessary.[1] *See* Loc. R. 105.6 (D. Md. 2023). Plaintiff's petition (ECF No. 8) is GRANTED AS TO REMAND and the decision of the SSA is REVERSED.

### PROCEDURAL HISTORY

On May 20, 2020, Plaintiff filed a Title II application for DIB, alleging disability since March 22, 2019. ECF No. 7-2 at 24. The claim was denied initially on December 10, 2020, and upon reconsideration on August 11, 2021. *Id.* Thereafter, Plaintiff filed a written request for

---

[1] On January 31, 2024, this case was assigned to United States Magistrate Judge A. David Copperthite for all proceedings in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302.

1

hearing on September 14, 2021. *Id.* Plaintiff appeared and testified at a hearing held on November 7, 2022, in Salisbury, Maryland. *Id.*

Following the hearing, the Administrative Law Judge concluded that Plaintiff was "disabled" within the meaning of the Social Security Act from March 22, 2019 through November 30, 2021 (the closed period). *Id.* However, the ALJ determined that on December 1, 2021, medical improvement occurred related to Plaintiff's ability to work, and that Plaintiff had been able to perform substantial gainful activity from that date through the date of the decision. Thus, according to the ALJ, plaintiff's disability ended on December 1, 2021. *Id.* at 30–31. The ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## STANDARD OF REVIEW

This Court may review the SSA's denial of benefits under 42 U.S.C. § 405(g). *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court's review of an SSA decision is deferential: "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). *See Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."). The issue before the reviewing Court is whether the ALJ's finding of nondisability is supported by substantial evidence and based upon current legal standards. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citations omitted). In a substantial evidence review, the Court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for

2

that of the [ALJ]. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citations omitted). Therefore, in conducting the "substantial evidence" inquiry, the Court must determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## DISABILITY DETERMINATIONS AND BURDENS OF PROOF

In order to be eligible for DIB, Claimant must establish that she is under disability within the meaning of the Act. The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. Claimant shall be determined to be under disability where "[her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

### Determining Disability within the Meaning of the Act

In determining whether Claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step sequential evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. § 404.1520. *See Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). "If at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). *See* 20 C.F.R. § 404.1520(a)(4).

3

At step one, the ALJ considers Claimant's work activity to determine if she is engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If so, Claimant is not disabled. At step two, the ALJ considers whether Claimant has a "severe medically determinable physical or mental impairment [or combination of impairments]" that is either expected to result in death or to last for a continuous twelve months. 20 C.F.R. § 404.1520(a)(4)(ii). If not, Claimant is not disabled. At step three, the ALJ considers whether Claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If so, Claimant is considered disabled, regardless of her age, education, and work experience. *See Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess Claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. § 404.1520(e). Claimant's RFC "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates Claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once Claimant makes that threshold showing, the ALJ must then evaluate the extent to which the symptoms limit Claimant's capacity to work. *Id.* § 404.1529(c)(1). At this second stage, the ALJ must consider all of the available evidence, including Claimant's medical

history, objective medical evidence, and statements by Claimant. *Id.* § 404.1529(c). The ALJ must assess the credibility of Claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. *See generally* SSR 96-7p, 1996 WL 374186 (July 2, 1996). To assess credibility, the ALJ should consider Claimant's daily activities, treatments she has received for her symptoms, medications, and any other factors contributing to functional limitations. *Id.* at *3. However, the ALJ may not "disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate them." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting SSR 16-3p, 2016 WL 1119029, at *5 (Mar. 16, 2016) (citations omitted)). Requiring objective medical evidence to support Claimant's subjective evidence of pain "improperly increase[s] [her] burden of proof." *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017).

At step four, the ALJ considers whether Claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. § 404.1520(a)(4)(iv). If so, Claimant is not disabled. Where Claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. Claimant has the burden of proof during steps one through four of the evaluation. *See* 20 C.F.R. § 404.1520; *Radford*, 734 F.3d at 291. However, at step five, the burden of proof shifts to the ALJ to prove: (1) that there is other work that Claimant can do, given her age, education, work experience, and RFC, and (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). *See Hancock*, 667 F.3d at 472–73. If Claimant can perform other work that exists in significant numbers in the national economy, then she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), (g)(1), 404.1560(c). If Claimant cannot perform other work, she is disabled.

5

## Medical Improvement of a Previously Established Disabling Condition

Further, "[t]he Commissioner must follow certain steps when it finds medical improvement of a previously established disabling condition." *Lisa D. v. Berryhill*, No. TMD 17-2488, 2018 WL 6696795, at *4 (D.Md. Dec. 20, 2018) (citing 20 C.F.R. §§ 404.1594(f)(1)-(8), 416.994(b)(5)(i)-(vii)). This additional eight-step evaluation process requires the Commissioner to consider whether (1) the claimant has engaged in substantial gainful activity; (2) the claimant has an impairment or combination of impairments that meets or equals the requirements of the Listings; (3) the claimant has seen medical improvement in his previously disabling condition; (4) medical improvement is related to the claimant's ability to do work; (5) an exception to medical improvement applies; (6) all current impairments are severe; (7) a claimant's current RFC allows him to return to past relevant work; and, if not, (8) the claimant can perform other work. *See id.* "If the Commissioner finds conclusively that a claimant is disabled at any point in this process, review does not proceed to the next step." *Id.* (quoting *Davis v. Colvin*, No. 5:13-CV-98, 2015 WL 404213, at *4 (W.D.N.C. Jan. 29, 2015)).

## **ALJ DETERMINATION**

Here, in determining whether Plaintiff was disabled within the meaning of the Act, the ALJ found at step one that Plaintiff had not engaged in substantial gainful employment since March 22, 2019, the alleged onset date of her disability. ECF No. 7-2 at 27. At step two, the ALJ found that, from March 22, 2019 through November 30, 2021, Plaintiff had the following severe impairments: lumbar degenerative disc disease, cervical degenerative disc disease, status post right foot plantar plate surgery, and obesity. *Id.* at 28. The ALJ determined that these impairments significantly

limited Plaintiff's ability to perform basic work activities, and that "each of these conditions causes more than minimal limitations in the claimant's ability to perform basic work activities and, therefore, is severe." *Id.* At step three, the ALJ found that Plaintiff's impairments did not meet or equal any listed impairment found in 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id.* at 30. As for Plaintiff's residual functional capacity during the closed period, the ALJ found that Plaintiff could:

> perform sedentary work, . . . except: The claimant was limited to performing all postural occasionally but would never be able to climb ladders, ropes, and scaffolds. The claimant was limited to never reach above shoulder height bilaterally. She can frequently handle and finger bilaterally. The claimant was absent more than 1 day a month due to recovery from her surgeries.

*Id.* at 30–31.

At step four, the ALJ found that Plaintiff had past relevant work as a police clerk, which, given her residual functional capacity, she was unable to perform. *Id.* at 35. Finally, at step five, the ALJ considered Plaintiff's residual functional capacity and vocational factors and determined that Plaintiff would be unable to perform any work available in significant numbers in the national economy. *Id.* at 36. Therefore, the ALJ found that Plaintiff was under a disability from the closed period of March 22, 2019 through November 30, 2021. *Id.* at 37.

The ALJ then evaluated whether Plaintiff's disability continued through the date of her decision. *Id.* at 37. She determined that Plaintiff's disability ended as of December 1, 2021. *Id.* First, the ALJ found that Plaintiff had not developed any new impairments and that Plaintiff's severe impairments were the same as those during the closed period. *Id.* Next, the ALJ found that Plaintiff's impairments did not meet or equal any listed impairment found in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (Tr. 36). *Id.* Third, the ALJ found that medical improvement had occurred as of December 1, 2021, the date when Plaintiff's disability ended. *Id.* Fourth, the ALJ found that this

medical improvement was related to the ability to work, because there was an increase in Plaintiff's residual functional capacity:

> [B]eginning December 1, 2021, the claimant has had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except: The claimant can lift/carry up to 10 pounds. She can stand/walk 4 hours. The claimant can occasionally perform all posturals but she can never ladders, ropes and scaffolds. She can never reach bilaterally above shoulder height. The claimant can frequently handle and finger bilaterally.

*Id.* at 38.

The ALJ next determined that, given Plaintiff's increased residual functional capacity, Plaintiff would be able to return to her past relevant work as a police clerk. *Id.* at 43. Therefore, the ALJ found that Plaintiff was not disabled as of December 1, 2021. *Id.*

## DISCUSSION

Plaintiff presents two issues on appeal: (1) that the finding of medical improvement was not supported by substantial evidence, because the ALJ failed to apply the applicable medical improvement standard and failed to properly analyze medical evidence, and (2) that the ALJ's credibility finding is not supported by substantial evidence. *See* ECF No. 8-2.

Plaintiff first contends that the "ALJ's RFC is contrary to law and not supported by substantial evidence because her finding that medical improvement occurred is not supported, as she failed to apply the applicable medical improvement standard[.]" ECF No. 8-2 at 3. Defendant asserts instead that the ALJ did apply the correct standard and "provided adequate comparison to the period of disability to conclude that Plaintiff had experienced medical improvement related to her ability to work." ECF No. 12 at 9.

"Medical improvement is defined as "any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that [a

claimant was] disabled or continued to be disabled." 20 C.F.R. § 404.1594(b)(1) "A decrease in the medical severity of an impairment sufficient to constitute medical improvement must be substantiated by changes in signs, symptoms, or laboratory findings." *Small v. Astrue*, No. 7:08–CV–141–FL, 2009 WL 3029737, at *10 (E.D.N.C. Sept. 22, 2009) (citing 20 C.F.R. § 404.1594(b)(1)). Crucially, the medical improvement must also be linked to a claimant's ability to work. *See Lisa D.*, 2018 WL 6696795, at *4 (holding that "[t]he ALJ, however, 'must both identify evidence that supports his conclusion and build an accurate and logical bridge from [that] evidence to his conclusion' that medical improvement related to Plaintiff's ability to work[.]" (quoting *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (abrogated on other grounds) (internal quotations omitted)). Upon review of the record for changes in the symptoms, signs and/or laboratory findings associated with Plaintiff's impairments, this Court does not find substantial evidence of a "decrease in the medical severity of [Plaintiff's] impairment(s)" that related to her ability to work. *See id.; see* 20 C.F.R. § 404.1594(b)(1).

Here, the ALJ offers a summary of the evidence during and after the closed period. *See* ECF No. 7-2 at 38–43. However, no actual comparison is offered within the definition of medical improvement: no comparison of symptoms, signs, or findings associated with the impairment exists. *See id.* Regarding medical improvement, the ALJ merely states that "[m]edical improvement is noted to have occurred due to completion of physical therapy after revision surgery following the claimant meeting her goals. Physical examination showed that the claimant had full 5/5 bilateral lower extremity as of the date of medical improvement." ECF No. 7-2 at 37. The lack of direct comparison to Plaintiff's most recent favorable medical decision of disability falls short of the ALJ's duty to build an accurate and logical bridge from the evidence to her conclusion. *See Lisa D.*, 2018 WL 6696795, at *4–*5 ("Medical improvement is defined as 'any decrease in the

medical severity of [the] impairment(s) *which was present at the time of the most recent favorable medical decision*' of disability.") (emphasis added and internal citations omitted)).

As this case is being remanded on other grounds, the Court need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider those arguments and to adjust their decision accordingly. In remanding for further analysis, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff was not disabled following the closed period is correct.

## CONCLUSION

In summation, the Court finds that the ALJ failed to properly apply the correct medical improvement standard. Therefore, based on the foregoing and pursuant to 42 U.S.C. § 405(g), Plaintiff's petition (ECF No. 8) is GRANTED AS TO REMAND and the decision of the SSA is REVERSED. This case is REMANDED for further proceedings in accordance with this opinion.

Date: 2/14/24

A. David Copperthite
United States Magistrate Judge